This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40539**

**ADRIAN QUINTANA and**
**TONITA ZAMORA,**

      Plaintiffs-Appellants,

v.

**BOARD OF COUNTY COMMISSIONERS**
**OF SAN MIGUEL COUNTY,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

Stalter Law LLC
Kenneth H. Stalter
Albuquerque, NM

for Appellants

New Mexico Association of Counties
Brandon Huss
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Plaintiffs appeal from a district court order dismissing their complaint for failure to state a claim. We issued a calendar notice proposing to affirm. Plaintiffs have filed a memorandum in opposition. We are not persuaded and we affirm the district court.

**{2}** "A district court's decision to dismiss a case for failure to state a claim under Rule 1-012(B)(6) [NMRA] is reviewed de novo." *Valdez v. State*, 2002-NMSC-028, ¶ 4, 132 N.M. 667, 54 P.3d 71. "A Rule [1-0]12([B])(6) motion is *only* proper when it appears that [the] plaintiff can neither recover nor obtain relief under any state of facts provable under the claim." *Id.* (internal quotation marks and citation omitted). "In reviewing a district court's decision to dismiss for failure to state a claim, we accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of the sufficiency of the complaint." *Id.*

**{3}** Here, Plaintiffs filed a civil rights complaint, seeking declaratory relief and damages under the New Mexico Civil Rights Act. [RP 1] Plaintiffs had a fireworks license, and sold fireworks in San Miguel County in the weeks leading up to July 4, 2021. [RP 3] On June 21, 2021, after an elevated wildfire risk was declared by the federal government, the County Board (the County) issued a proclamation restricting the sale and use of certain types of fireworks. [RP 2; DS 3] Plaintiffs' complaint alleged that the County violated their due process rights by the issuance and enforcement of this proclamation because the governing statute required that such a restriction needed to be made no later than twenty days before the July 4th holiday. [RP 22] *See* NMSA 1978, § 60-2C-8.1(G) (1999). In effect, Plaintiffs' complaint raised a procedural due process claim because they alleged that the County failed to comply with the statutory time provisions before suspending the use and sale of fireworks.

**{4}** As we observed in our calendar notice, the emergency restrictions, and the threatened enforcement of these restrictions, constituted a legislative act that does not trigger a due process deprivation. *See Pirtle v. Legis. Council Comm'n*, 2021-NMSC-026, ¶ 41, 492 P.3d 586 (recognizing that a purely legislative act of broad applicability is not subject to a due process challenge, but should instead be subject to the democratic process); *Miles v. Bd. of Cnty. Comm'rs*, 1998-NMCA-118, ¶ 8, 125 N.M. 608, 964 P.2d 169 (recognizing that government policy that affects an entire group of similarly situated individuals does not implicate due process concerns, even where such concerns would exist if the policy was limited to any single member of the affected group).

**{5}** Plaintiffs' memorandum in opposition attempts to distinguish *Pirtle* and *Miles* by claiming that the attempted enforcement of the emergency restriction against them amounted to an individualized impact and therefore not a matter of broad applicability. [MIO 2-3] We disagree. For purposes of due process, the inquiry is on the nature of the County's conduct, which in this case was the exercise of legislative power. Otherwise, any legislative act could be challenged on procedural due process grounds once that act is enforced at the individual level.

**{6}** To the extent that Plaintiffs are arguing that the County's actions amounted to a substantive due process violation, we conclude that the drought-driven emergency fireworks restriction does not rise to the "shocks the conscience" bar for such a showing. *See Bounds v. State ex rel. D'Antonio*, 2013-NMSC-037, ¶¶ 35-36, 306 P.3d 457 (discussing applicable tests under both state and federal constitutions). To hold that

due process is violated once the legislative act is enforced would have the effect of nullifying the legislative act, a result in conflict with *Pirtle* and *Miles*.

**{7}**     For the reasons set forth above, we affirm.

**{8}     IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**GERALD E. BACA, Judge**